On behalf of Petitioner Jatinder Singh, Girish Serene, I represent a young individual who just turned 21 a few days ago and came into this country crossing from Mexico at the age of 18 due to a traumatic event that happened in his life where he witnessed the murder of his father. There is no dispute his father was killed in 2011 when he was approximately 14 years of age. The Indian government in the death certificate refused to state the reason of his death or how his death was caused. He was medically evaluated at the Port Isabel Detention Center and he was evaluated as well by an expert provided by my office and both diagnoses showed he was suffering from post traumatic stress disorder. That report was given no weight in any of the hearings, whether for his credibility findings of the judge or the Board of Immigration Appeals or whether his mental trauma had any role to his competency at the hearing. But he was found competent. He was found competent. And the BIA were consistent on that. And the Board of Immigration Appeals, based on the immigration judge that he could answer questions and talk to his attorney, found him to be competent. Yes, sir. Clearer standard of review. Correct. But it did not address the issue of his trauma pertaining to his credibility and it gave no weight and it refused to discuss the medical reports, which indicated and illustrated him suffering from emotional anxiety, hallucination, delusions. None of those were given any weight by the trier of fact or the Board of Immigration Appeals. The record was that the IJ did express concern and considerable dialogue, maybe with you or someone from your firm, but then received representations back, again, from the lawyer representing Singh, that he has these sufferings, but given the test of competency being understanding proceedings, consult with lawyer, he actually was competent given that test. I thought the lawyer made the representation to the IJ as to that. At all times, at all hearings, I represented Mr. Jitender Singh. As I just explained, we aren't stating he wasn't competent. The standard of competency was shown. The issue over here was his credibility and whether his medical hallucinations or his mental trauma had any role to play in his credibility finding. That's important to me. So the issue you're presenting to us is not that there was some sua sponte obligation for the IJ to hold a competency hearing or call an expert. The sole issue is whether or not the credibility finding is well-founded. Whether the credibility finding can be made without re-evaluating the medical reports and his medical diagnosis made by the government and his medical examiner that he's suffering from post-traumatic stress disorder, and the only report that states why he is having those That wasn't examined or given any weight. That is correct. I did tell the immigration judge, based on the matter of MAM, the board's decision at that time, that if the issue was whether he could answer questions, whether he could speak to me, he was competent, if that was the sole criteria. And the immigration judge said that was the sole criteria. He asked me to make a medical evaluation, and I told him I couldn't make it. I'm not a medical doctor. I could not make any medical evaluation based on his mental state. What role his mental state plays on his testimony, I can't state. Only the medical doctor or a medical clinical physician or a medical practitioner could. And that's what's missing in this credibility finding. The only So you're accepting the asylum interview rough notes as having your client saying, I wasn't a party member, which is the essence of the inconsistency that defeats his claim, right? His persecution claim is based on, I'm a party member, and yet those asylum notes suggest that he said he wasn't. If I may address that, that's different from the mental competency. The issue at the asylum interview was he had provided a statement to the Border Patrol where he said exactly what he said to the judge. The asylum officer had no reason to believe he was suffering from any emotional trauma, was under any medical diagnosis, was a person who was hallucinating or delusional. He had no reason to believe that. He made a finding of inconsistency based on a prior consistent statement. The reason we had provided the asylum officer's notes was hoping the government would provide us with the Border Patrol statements where he stated what had happened to him in India was consistent with what he had stated. Now, why would he say something else to the asylum officer? That is again, we're asking, should have been evaluated based on the other BIA cases that came out on whether his mental state played any role in that. That is a prior inconsistent statement, what he told the asylum officer, sir. It is a prior inconsistent statement. Then at the removal hearing, you could have explained it, or you actually tried to, maybe? Correct. I mean, the issue again, that's why we're saying the medical report, the best person to have answered that would have been the medical doctor, the medical physician. I mean, if a person is being diagnosed with suffering from hallucination and delusions due to an anxiety disorder because of beatings and trauma, as well as witnessing the murder of his father, that can't just be ignored, it can't be just, it can't disappear, but it exists there, and that wasn't ever taken into consideration by anyone. That's why I'm here before you, stating that is a major issue in this case, regardless of that as well as his age, as he's just turned 20, he was a juvenile, he was 18, he witnessed this at the age of 14. He's suffering from headaches, memory losses. I can't tell you why he has memory losses, only a medical physician could. But these were reports provided to the judge, and when he evaluated the, and made a credibility finding, he should have looked at these reports. He should have looked at the United States Department of State report. He should have looked at the country condition reports. He should have seen what it states regarding the police. Was it plausible that his father could be murdered by the Indian police for asking for a Sikh homeland peacefully in the state of Punjab? It states he would. The Indian police has unlimited power to arrest, kill, and murder individuals. It's on the first page. That wasn't given any weight. But just to focus on why you're here, the statement of issue you present is simply about, as you've been saying, where a teenager suffers severe emotional damages, et cetera, and they ignore the youth and the diagnosed mental trauma, et cetera. Can the trial fact arrive at or make an adverse credibility determination on an incomplete record? That's the sole issue you've raised, isn't it? Correct. And that's what I'm addressing, as well as the other issues when you make a credibility finding. Do you selectively choose the evidence to make a credibility finding, or do you, under the REAL ID Act, look at everything? I don't see how the country report works into the issue you've presented here. So explain that to me. You said, I'm sorry, sir. You said, look at the country report. It provides a canvas to understand the facts. I mean, if you're living in a country where the police do not murder individuals, then we can understand that he might be delusional in making it up. He might be inconsistent. We have a report which states the Indian police or the Indian security forces are well known for murdering individuals and arresting individuals. I understood that the adverse credibility finding was the fact that with his, let me get the correct terminology here, his credible fear interview, CFI. He denied being a member of the Mann Party. And then at the asylum hearing, he said he was a member of the Mann Party. And as Judge Higginson earlier alluded, they looked at the notes from the credible fear interview and noticed and took into account the great inconsistency between what he said at the CFI and what he said at the asylum hearing or the removal hearing. Correct. I don't see that as an issue you've raised here. The issue I just explained, Your Honor, was that he'd made a prior, his first statement to the U.S. Border Patrol was completely consistent with his application, that he was a member. He was participating. He did say that. That is why the asylum officer, without attaching that, the government didn't attach that Border Patrol was not credible, because he had said that. So it's an incomplete record on their part on that. He had made a prior consistent statement. Now does that have anything to do with his post-traumatic stress disorder? I cannot make that evaluation. That is the evaluation. Since you're here and even reading the record of your statements below, it is, of course, deeply tragic, the father. And these sympathetic remarks that you're making about what might or might not be plausible, those come across today as they did before. But as I understand the issue before us now, you have to point to record evidence to show compellingly that no reasonable fact finder could see an inconsistency here. And so I don't see what you're trying to say that makes that finding of the IJ affirmed by the BIA clear error. What I hear you saying is, oh, he couldn't have pursued the hearing at all because my client was so troubled, nothing he said could be relied on. I don't believe I said that, Your Honor. But what I'm trying to state, and if I'm not making it clear, I apologize, is his medical state of mind was never considered, and neither was the medical report of what he was suffering and incurring, and he was under medication at the time of his testimony or whenever he testified. I am stating his mental condition should have been considered as one factor. You can't just... Okay, so what's the best case you've got that the BIA's affirmance here should be reversed because you state that the IJ didn't consider what I think even the government conceded, which was that he'd had this tragic episode and he did have emotional traumatic, but he was competent. What's the case that says we would reverse on that notion? Competency is one issue. The other issue is the effect of mental trauma regarding your findings, the judge's findings, the BIA findings, for an adverse credibility finding. I'm not asking you for any case that says person is competent, but he's got medical difficulties. No finding can be drawn from that person's competent statements. And that was the case the BIA alluded to, which we stated it's in the BIA, it's JAR, the decision is that if you are diagnosed with a medical condition, you should consider the person's testimony as well as the medical report. But they said they're not going to go by that ruling because they believe he was competent. And if he's competent, why should they give any weight to his testimony or the medical report? That's why we're here is all of these issues are interrelated, and if the finding of a mental competency is based solely on the issue of whether you can answer questions without looking at a medical report and where you're being diagnosed with a medical illness, should you at that time consider and take that into consideration and give some weight to the individual statements? Your legal position is it was error not to give the JRRA presumption. Correct. Okay. That's what you're saying. Thank you, sir. Well, I don't mean to catch you. No, no, I mean, I'm just saying, I'm just stating that is the argument we made in the brief before the BIA, the Board of Immigration Appeals in this court. I would keep... So if we were to agree with you at least that the petition for review should be granted, what is it that you would have us say to the BIA in terms of what would be happening were the case returned to the BIA? Consider and make outside his testimony the evaluation of the medical findings which have been introduced in the record without objection by all parties where it states he's suffering from this trauma due to beatings he's incurred. There's no dispute about that. They've been entered. They contradict everything. They state clearly he has suffered past persecution. So would it need to go back to the IJ or only to the BIA? I'm just trying to think of the specifics of not just whether you win or lose, but the play out given your view of the case. Yes, Your Honor. We're not asking for win or lose. We're asking for justice in this issue is that basically the medical report should have been considered, and I don't believe it's the role of the BIA to... Let me ask my... I didn't do a good job of answering my question, asking the question, I guess. If we were to grant review and send the case to the BIA, do we then tell the BIA that it reconsider the IJ's findings? What specifically would happen procedurally to the case? My understanding is the BIA cannot make factual findings. As they cannot make factual findings, it has to go back for a credibility finding back to the IJ immigration judge to consider the medical report that was entered without objection where the findings indicate he suffered from these traumatic events due to physical beatings by the Indian police, and his father was murdered. That is undisputed and not refuted by any report, sir. All right. You've answered that question. Thank you, Mr. Chief Justice. Thank you very much, Your Honor. Let's take a time for rebuttal. Good afternoon. May it please the Court, Victoria Braga appearing on behalf of the Attorney General. The Court should deny the petition for review. The record shows that the petitioner was competent for the purposes of removal proceedings. Additionally, substantial evidence supports the agency's adverse credibility finding in this case and their denial of relief and protection on adverse credibility grounds. Considering first the petitioner's competency for removal proceedings, as the petitioner indicated in his argument today, the test for competency in removal proceedings is whether the petitioner has a rational and factual understanding of the nature and object of proceedings, whether he can consult with an attorney or representative if one is present, and whether the petitioner has a reasonable opportunity to examine and present evidence and to cross-examine witnesses. That goes to competence? That goes to competence. Competence is not being contested here, is it? It appeared today the petitioner did waive any argument that the petitioner was not competent for removal proceedings. We don't need to spend any more time on that, do we? No, I can move on to credibility. Petitioner today challenged, as he did throughout briefing and before the agency, the adverse credibility finding. As the Court noted today, there are serious inconsistencies in petitioner's statements to a Border Patrol agent, to an asylum officer conducting a credible fear interview, and in his testimony before the Immigration Court. Specifically, the petitioner said multiple times to the asylum officer conducting his credible fear interview that he was not a member of the Mann Party. There is a record of the credible fear interview in the record, and it's found on page — starting on page 381 of the record. The asylum officer conducting the interview first spoke with the petitioner about events that happened in 2014, and at that time he asked the petitioner, were you in that party, meaning the Mann Party? And the petitioner said, no, not me. The asylum officer said, did you participate in any party? And the petitioner said, no. Later, the asylum officer asked the petitioner again, did you ever show any support for that party? And he said, no, ma'am, not me, never. So, again, I don't think it's — I don't think it's contested that there was an inconsistency, is it? Do you — do you understand that there's still a dispute about that here? It didn't appear in oral argument today that petitioner was contesting that there was an inconsistency or that he was admitting that those statements were inconsistent with what was presented before Immigration Court. So unless there's something I'm missing, we don't need to spend time on that either, do we? No, I think what the petitioner is contesting today is that the agency was wrong to not consider the medical evaluations in making the adverse credibility determination. However, it's clear from both the immigration judge and the board's decision that they were aware of both medical reports in the record. I'd first like to point out that reading through both of these medical reports, it appears that neither addresses how the petitioner's condition might affect his ability to testify rationally. As the agency found, and specifically the immigration judge found in his decision, the petitioner did, despite his condition of post-traumatic stress disorder, present testimony in a rational, linear, and coherent way. He responded to the questions that were asked of him. Remind me what the IJ did with the medical records, because I agree with your point. It seems to me separate. But if his argument now is that the IJ refused to consider them, is that what the IJ did? Or did the IJ say, I don't believe these excuse your inconsistency? The IJ said that he didn't believe that the medical reports excused the inconsistency. Both medical reports were admitted into evidence. The IJ said in his decision that he listed the evidence that was submitted into the record and then said even evidence that he did not specifically reference in his decision was considered in making that decision. So the government didn't dispute the PTSD, did you? No. The government did not dispute the PTSD. In fact, the report submitted by the government in August of 2015, or possibly July of 2015, does confirm that petitioner was suffering from PTSD and that he was being prescribed medication for that condition. However, the government's medical report also contains a statement that the petitioner was oriented in space, time, and position. That's consistent with the findings in the medical report presented by the petitioner, which seemed to indicate that the petitioner was able to rationally explain what had happened to him in India. So in order for the Court to accept the petitioner's argument that his PTSD or his mental condition that he was suffering from affected his ability to testify credibly or caused him to make inconsistent statements, there should be some sort of indication in the record, either in the medical reports, that such a condition would cause the petitioner to testify in a confused way or to make inconsistent statements, and that is not there. There also might be evidence in the record that petitioner's testimony was overall confused or confusing, whereas that's not the case. The petitioner was able to respond to the questions asked to him. His attorney admits both before the agency and in briefing before this Court that petitioner answered the questions that were asked of him and was able to do so in a rational way. For that one misstatement, inconsistent statement at that asylum, and there is no transcript, he was alone, right? Only with an interpreter? At the credible fear interview? Yeah. That becomes what does him in. It is the inconsistency that is the cause of the adverse credibility finding in this case. This Court has never, as the Board said, this Court has never addressed in a published decision whether inconsistencies between an asylum interview and testimony before the Immigration Court can be used to support an adverse credibility finding. But as the Board noted, other circuits have considered this issue, notably the Second and Eleventh Circuit, have found that such statements can be used as long as there's an indication that the record of the interview is an accurate representation of what happened, and there's no evidence that the asylum officer was in any way trying to mislead or coerce the petitioner. That's certainly not the case here. It's also the case that The reliability, you would say, that Second Circuit case with a name that's very difficult to pronounce. That's the one? Yes, and thank you for not making me pronounce that. I practiced that a couple times. But But I guess the last legal question I have is he's suggesting that this J.R.R.A. decision creates a presumption in circumstances like this one. I think what he's essentially asking is an extension of J.R.R.A. to his case, which is a case where, as he does in contest, the petitioner was found competent. The matter of J.R.R.A. does deal with a petitioner who has been found not competent and a petitioner whose competency or whose mental condition is affecting his ability to testify rationally. Here, the immigration judge is clear that whatever mental conditions the petitioner was suffering from, they were not affecting his ability to testify rationally. I think the immigration judge actually says he had the ability to testify rationally and consistently. However, he failed to do so. So matter of J.R.R.A. would not play, would not be at play here, where it's clear from the petitioner's testimony on both direct and cross-examination, as well as in questioning from the immigration judge, that he's rationally representing his case and what happened to him. However, the unexplained inconsistency with what he stated to the asylum officer remains. And as the immigration judge pointed out and the Board affirmed, this is an issue central to his case, so central that it made the agency correctly doubt his credibility and to find that without credible testimony, he was unable to meet his burden of proof. How much time elapsed between the initial statement regarding not being a member of the party and the inconsistent statement? I believe his credible fear interview was conducted in December of 2014 or January of 2015, and his testimony before the immigration judge was in May of 2015. So it was a period of maybe five months. With that, if there are no further questions, the government would ask that the court deny the petition for review because the agency's adverse credibility finding and denial of relief and protection on that ground is supported by substantial record evidence. Thank you. Thank you, Ms. Braga. Mr. Serene? I believe, Your Honor, you asked counsel when he was arrested how much time elapsed what he stated to the border patrol pertaining to him being beaten by the Indian police and his credible fear interview. I don't know if you asked how much time elapsed from the interview to the... Well, what... Okay, thank you for... I'm just trying to clarify that. I appreciate you're trying to clarify that. One week, sir. What I was trying to ascertain was how much time elapsed between his initial statement to authorities that he was not a member of the party and later statements that were inconsistent. One week or a few days. Okay. How about clarifying that for me, please? So he made the statement that he was not a member of the Man Party at the credible fear interview. That's in the notes. Yes, sir. And then one week later? No, sir. When he was arrested at the point of crossing from Mexico or when he turned himself in, I'm unclear on that. He stated he's coming to this country seeking political sanctuary in fear of the Indian police because they killed his father, they beat him because he was a member of the Man Party. That's the first statements he told the United States government, which he told to the judge, which he stated in writing, which he provided corroborated proof. How long? It was a prior... The government never ever attached that statement. The office... I can't access it. It's a documentary privilege belonging to the US government. It may be an I-213, which is a privileged document, or it may be a statement made by officers to the border patrol to other agencies. What is the source for your knowing, supposedly, what he said to the... when he crossed the border? The asylum officer's notes. That's why he made it... He said, you're inconsistent. I don't believe you. Why did you say this to the border patrol when you were arrested? And now you're claiming not to. Nobody knew he had any medical problems. The statements during a credible fear interview are not an issue here. The issue is the mental state of the individual, the age of the individual, and the emotional stress he's under. None of that was raised or known to anyone. And the only report you have, just because somebody has post-traumatic stress syndrome means nothing. The only report you have is it was caused, and you have to give the underlining facts some weight, is because he was beaten by the Indian police and his father was murdered. That's why he's suffering from this trauma. You can't ignore that. That's the only facts you have. Just because somebody has been diagnosed with PTSD, there must be an underlining reason why he's suffering from that. And the only report you have that states he's suffering from that wasn't considered. Thank you. Thank you, Mr. The case is under submission. Now here's Zimmerman v. City of Austin.